IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY RAY PENNINGTON, § | | |
| TDCJ #1089430, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-0724 | |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

The petitioner, Billy Ray Pennington, is a state prison inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division. Pennington seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court criminal conviction. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be **dismissed** for reasons set forth below.

### I.   BACKGROUND

Pennington reports that he was convicted on March 5, 2002, after entering a guilty plea to charges of aggravated sexual assault of a child in cause number 98-05-00487-CR. As a result, the 410th District Court of Montgomery County, Texas, sentenced Pennington to serve twenty-five years in prison. An intermediate court of appeals dismissed the appeal for lack of jurisdiction, citing the guilty plea. *See Pennington v. State*, No. 04-02-00298-CR,

2002 WL 1565729 (Tex. App. — San Antonio July 17, 2002). Pennington did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

Pennington filed the pending federal habeas corpus petition on January 12, 2006.[1] Pennington contends that he is entitled to federal habeas corpus relief from his conviction because he misunderstood the consequences of his guilty plea. Pennington complains that he was denied effective assistance of counsel because his attorney failed to adequately explain the consequences of his plea. Pennington contends, therefore, that his guilty plea violated his right to due process and equal protection. Notwithstanding these claims, the Court concludes that the petition must be dismissed because it is untimely.

## II.   DISCUSSION

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir.

---

[1]   Pennington filed his petition, initially, in the Western District of Texas, which transferred the case to Houston on March 2, 2006. The record shows that Pennington executed his petition on January 12, 2006, and that he placed it in the prison mail system on that same day. For statute of limitations purposes, courts in this circuit ordinarily treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).

Because Pennington challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run, pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The intermediate appellate court dismissed the appeal on July 17, 2002, for lack of jurisdiction. Although Pennington did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so expired thirty days later on or about August 17, 2002. That date triggered the statute of limitations, which expired one year later on August 17, 2003. Pennington's pending petition, executed by him on January 12, 2006, is late by well over two years and is therefore time-barred unless statutory or equitable tolling applies.

### A.   Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Pennington indicates that he filed a state habeas corpus application on January 25, 2005. The Texas Court of Criminal

Appeals denied that application on August 17, 2005.[2] *See Ex parte Pennington*, No. 61,710-01. Because this state habeas proceeding was filed after the limitations period had already expired, it has no tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Pennington has not alleged that he was subject to state action that impeded him from filing his federal habeas petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, the petition is neither based upon a newly recognized constitutional right, nor a factual predicate that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

### B.     Equitable Tolling

The statute of limitations for federal habeas corpus review may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). However, the Supreme Court has noted that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently,

---

[2]     Pennington filed a motion for reconsideration on September 16, 2005, but court records show that the Texas Court of Criminal Appeals declined that request on October 24, 2005.

and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, — U.S. —, 125 S. Ct. 1807, 1814 (2005).

The pleadings do not demonstrate that exceptional circumstances are present or that the petitioner has acted with the requisite diligence. Pennington was convicted pursuant to his guilty plea in March of 2002, and his appeal was dismissed for lack of jurisdiction shortly thereafter in July of 2002. Pennington waited over two and a half years to submit a state application for a writ of habeas corpus on January 25, 2005. He offers no explanation for this delay. After the Texas Court of Criminal Appeals denied his application for state habeas relief on August 17, 2005, Pennington waited several additional months to file his federal habeas corpus petition on January 12, 2006.

This record reflects substantial delay on the petitioner's part, and he offers no explanation for his failure to diligently pursue federal habeas relief. Pennington complains in his petition that he is illiterate. Although Pennington proceeds *pro se*, illiteracy and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher,* 174 F.3d at 714; *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

5

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002). Given the petitioner's lack of diligence in this case, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Accordingly, equitable tolling will not save his late-filed claims. Absent a showing that tolling is warranted, the Court concludes that the pending federal habeas corpus petition is barred by the applicable one-year limitations period.

### III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996. The Court concludes therefore that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner stated a valid claim. Accordingly, a certificate of appealability will not issue in this case.

**IV.   CONCLUSION**

The Court has examined the petition under Rule 4 of the Rules Governing Section 2254 Cases and concludes that the petitioner is not entitled to relief. Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.   This federal habeas corpus proceeding is **DISMISSED** with prejudice.

2.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **March 20, 2006**.

_____
Nancy F. Atlas
United States District Judge